PEOPLE v. COLLINS.

1. INTOXICATING LIQUORS—SUFFICIENCY OF AFFIDAVIT FOR SEARCH WARRANT.

An affidavit describing the premises to be searched by street number, naming city, county, and State, stating that said premises are occupied by a certain person as a dwelling house but also as a place of public resort, that on a certain date affiant saw persons call thereat and carry away packages, saw persons who came therefrom drinking in the rear, and saw intoxicated persons coming from the premises, was sufficient to authorize the issuance of a search warrant under the prohibition law.[1]

2. SAME — CRIMINAL LAW — QUESTION OF VALIDITY OF SEARCH WARRANT MUST BE RAISED BEFORE TRIAL BY MOTION TO SUPPRESS EVIDENCE.

Objections to the validity of a search warrant must be raised by motion to suppress the evidence obtained thereby before the trial of a person charged with violating the prohibition law.[2]

Exceptions before judgment from Muskegon; Vanderwerp (John), J. Submitted April 15, 1926. (Docket No. 153.) Decided June 7, 1926.

Tony J. Collins was convicted of violating the liquor law. Affirmed.

*Macdonald & Macdonald,* for appellant.

*Andrew B. Dougherty,* Attorney General, *R. Glen Dunn,* Prosecuting Attorney, and *Robert H. Dunn,* Assistant Prosecuting Attorney, for the people.

MCDONALD, J. The defendant was convicted on a charge of having in his possession certain intoxicat-

[1]Intoxicating Liquors, 33 C. J. § 371; [2]Criminal Law, 16 C. J. § 1110.

Necessity of specific description of premises to be searched in affidavit for search warrant, see notes in 3 A. L. R. 1519; 13 A. L. R. 1319.

ing liquors, to wit, 233 quarts of beer. The beer was obtained from defendant's home in Muskegon Heights, Muskegon county, by virtue of a search warrant. When arrested and taken before a justice of the peace he waived examination and was held to the circuit court for trial. When arraigned in the circuit court his counsel made a motion to quash the information and to suppress the evidence. The motion was denied. On the trial the defendant was a witness in his own behalf, and testified that he manufactured the beer and had it in his possession at the time charged in the information. His counsel conceded that there was no question of fact for the jury, and by direction of the court a verdict of guilty was rendered. The defendant then filed a motion to set aside the conviction principally upon the ground of the invalidity of the search warrant. This motion was denied. The case is here on exceptions before sentence.

The first question presented by the record is whether the court erred in refusing to quash the information and suppress the evidence obtained under the search warrant. The objection to the validity of the search warrant, as stated in the motion to suppress, is that the affidavit on which it was based did not state sufficient facts to authorize a search of a dwelling house, and that the facts were not stated as on the personal knowledge of the affiant. The affidavit describes the premises to be searched as "the premises situated and known as 729 Peck St., in the city of Muskegon Heights, county of Muskegon, State of Michigan, which said premises are occupied by one Tony J. Collins as a dwelling house, but also as a place of public resort," etc.

The grounds of affiant's belief that intoxicating liquors were possessed and were being sold there is stated as follows:

"That on October 2, 1925, I saw several men call at the premises and carry away packages, that on Octo-

ber 3, 1925, I saw several persons call at the premises and carry away packages, that I saw persons drinking in rear of garage, that these men came from these premises, that I saw intoxicated persons coming from the premises, that I saw two men go into the premises and carry packages away placing these packages in machine."

This affidavit is amply sufficient to justify the issuance of a warrant to search the defendant's dwelling. The court properly refused to suppress the evidence obtained under it.

The other question in the case relates to the refusal of the court to grant defendant's motion to set aside the conviction because of the invalidity of the search warrant. This court has repeatedly held that all objections to the validity of a search warrant must be raised by motion to suppress before the trial. Counsel cannot raise some objections before the trial and save others to be used in case of conviction. However, if all of the evidence obtained by the search warrant were eliminated from the case the defendant's testimony would be sufficient to sustain the conviction. The court properly denied the motion.

The judgment of conviction is affirmed and the cause remanded for sentence.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.