PEOPLE *v.* MYERS.

1. INTOXICATING LIQUORS — AFFIDAVIT FOR SEARCH WARRANT — SUFFICIENCY.

Allegations in an affidavit for a search warrant for intoxicating liquors that affiant had watched the buildings described for the past two weeks and had seen people go there and come away intoxicated, giving a definite date, and had seen a man obtain a case of whisky from the premises, were sufficient to justify the issuance of the warrant.

2. SAME — OCCUPANCY OF PREMISES BY DEFENDANT SHOWN.

In a prosecution for keeping a place for the illegal storing and selling of intoxicating liquors, testimony by neighbors that defendant and his wife moved into the premises described over a year before, and that they had seen him go in and out frequently, was sufficient to justify a finding that defendant was occupying the premises.

3. CRIMINAL LAW — ABSENT WITNESSES — READING TESTIMONY GIVEN BEFORE MAGISTRATE.

A showing that the prosecution made efforts to locate a witness at his home, his last known place of employment, and that subpœna had been issued and placed in the hands of the officers but that he could not be found was sufficient to authorize reading in the trial court his testimony given before the examining magistrate.

4. SAME — CONSTITUTIONAL LAW — RIGHT OF ACCUSED TO CONFRONT WITNESS.

Where defendant was confronted by a witness before the examining magistrate, with full opportunity for cross-examination, his constitutional rights were not abridged by reading the testimony in the trial court, where the attendance of the witness could not be procured.

5. SAME — RESTRICTING CROSS-EXAMINATION OF WITNESS WHO MADE AFFIDAVIT FOR SEARCH WARRANT — CREDIBILITY OF WITNESSES.

Where an affidavit for a search warrant was sufficient to

[1]Intoxicating Liquors, 33 C. J. § 371; [2]Id., 33 C. J. § 536; [3]Criminal Law, 16 C. J. § 1557; 15 A. L. R. 495; 21 A. L. R. 662; 8 R. C. L. 215; 2 R. C. L. Supp. 576; 4 R. C. L. Supp. 437; [4]Id., 16 C. J. § 2116; [5]Intoxicating Liquors, 33 C. J. § 371 (Anno).

give the court jurisdiction, it could not be taken away by parol proof on the trial, and therefore the trial court was not in error in restricting cross-examination of the witness who made the affidavit with reference thereto, and particularly with reference to the circumstances surrounding the making of it, since such cross-examination could be proper only to test his credibility.

6. WITNESSES—CROSS-EXAMINATION AFFECTING CREDIBILITY OF WITNESS RESTS IN COURT'S DISCRETION.

The extent to which a witness may be cross-examined on questions affecting his credibility rests in the sound discretion of the trial court, and reversal therefor may be had only where such discretion has been abused.

7. INTOXICATING LIQUORS—POSSESSION ALONE AN OFFENSE—STATUTE.

Under section 2, Act No. 53, Pub. Acts 1919, possession of intoxicating liquors alone is an offense, the intent of said section being in no sense ambiguous.

Exceptions before judgment from Macomb; Reid (Neil E.), J. Submitted April 14, 1927. (Docket No. 138.) Decided June 6, 1927.

John W. Myers was convicted of violating the liquor law. Affirmed.

*Fleming, Baird & Morden,* for appellant.

*William W. Potter,* Attorney General, *Harold J. Waples,* Assistant Attorney General, and *James E. Spier,* Prosecuting Attorney (*Christian F. Matthews,* of counsel), for the people.

FELLOWS, J. Under a search warrant officers searched defendant's premises and there found and seized 17 cases of beer and 10 cases of whisky. The affidavit for the writ contained the formal allegations and as grounds of the affiant's belief alleged:

"That the facts supporting the belief of the affiant

─────────────────────
⁶Criminal Law, 17 C. J. § 3584; Witnesses, 40 Cyc. pp. 2512, 2513, 2570; ⁷Intoxicating Liquors, 33 C. J. § 198.

and upon which the foregoing allegations are made are as follows: (4) That I have watched above described buildings for the past two weeks and have seen people go to said place and some come away intoxicated. During this time I have also seen people come from said place with intoxicating liquors. I was there on July 3, 1925, and while in the highway I saw people go to said house and some came away intoxicated. I also smelled the odor of intoxicating liquor which I traced and it came from the garage on above premises on said date. I saw a man obtain a case of whisky from these premises."

Defendant's counsel timely saved all questions by motion to suppress and to quash, and insist that the affidavit was not sufficient to authorize the issuance of the writ. While it is doubtless true that Act No. 382, Pub. Acts 1925, has modified some of the holdings of this court as to effect to be given to the odor of intoxicating liquors emanating from premises occupied as a dwelling house, if we eliminate such allegation from the affidavit sufficient remains to justify the issuance of the search warrant in the instant case. *People* v. *Kerwin,* 234 Mich. 686; *People* v. *Collins,* 235 Mich. 360; *People* v. *Musczynski,* 220 Mich. 536; *People* v. *Effelberg,* 220 Mich. 528, and authorities there cited.

Upon the motion to quash it was insisted that it was not sufficiently established before the examining magistrate that defendant occupied 102 Park avenue in the city of Mt. Clemens, the premises in question, and the testimony taken before the magistrate is made a part of the record. One of the witnesses, a neighbor, testified before the magistrate that defendant and his wife moved into 102 Park avenue over a year before the search took place, and that she had seen defendant go in and out once or twice a day. Other neighbors testified that they saw defendant go in and out frequently. We think this was sufficient

to justify a finding that defendant was occupying the premises.

One Hazen Howard gave testimony before the examining magistrate of a cumulative nature. Defendant was then present and represented by counsel. Howard was at that time a member of the State police force. The people were unable to locate him at the time of the trial. It also appeared that they had desired him as a witness some two weeks previous on another case and had then made unsuccessful efforts to locate him. Effort was being made at his home, his last known place of employment, and subpœna had been issued, placed in the hands of officers in both cases and he could not be found. The trial judge held, and we agree, that sufficient effort had been made to procure his attendance. The people were permitted to read his testimony given before the magistrate. The defendant had the constitutional right to be confronted by the witnesses. But this right had been accorded to him. He had been confronted by this witness before the examining magistrate and had full opportunity to cross-examine him at length. We had this question before us in *People* v. *Schepps*, 217 Mich. 406 (21 A. L. R. 658), and there fully considered it. We there held that where a defendant was confronted by the witness before the examining magistrate, with full opportunity for cross-examination, his constitutional rights were not abridged by reading the testimony in the trial court, where the attendance of the witness could not be procured.

It is next urged that the court was in error in not permitting defendant's counsel to fully cross-examine the witness who made the affidavit for the search warrant with reference to the affidavit and particularly with reference to the circumstances surrounding the making of the affidavit. Upon the argument we were

impressed that this presented the most serious question in the case. A careful examination of the record, however, does not satisfy us that reversible error is found in such rulings. The affidavit gave the court jurisdiction, and this jurisdiction could not be taken away by parol proof on the trial. *People* v. *Czckay*, 218 Mich. 660. All agree upon this proposition. Such cross-examination could only be proper to test the credibility of the witness, and, at least since *People* v. *Cutler*, 197 Mich. 6, this court has consistently held that the extent to which a witness may be cross-examined on questions affecting his or her credibility rests in the sound discretion of the trial court, and that reversal may only be had for an abuse of such discretion. We are not persuaded that there was an abuse of such discretion in the instant case.

Finally, it is insisted that the legislature did not intend by section 2 of Act No. 53, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 7079 [2]), to make the possession of intoxicating liquors alone an offense; that such possession must be for the purpose of barter or sale. But the section is in no sense ambiguous and expressly includes possession unaccompanied by any qualifying words. Defendant's contention is not tenable. See *People* v. *Stambosva*, 210 Mich. 436, where the constitutionality of this section was sustained.

Defendant's exceptions are overruled, and the case is remanded for judgment.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, and MCDONALD, JJ., concurred. CLARK, J., did not sit.