*In re* RUDNIK.

1. CRIMINAL LAW—REMAND—JURISDICTION—VIOLATION OF PAROLE—
SENTENCE.

The remand by the Supreme Court of a criminal case to the
recorder's court upon setting aside an invalid sentence for
failure to give parolee information of charge he was required
to meet at summary hearing for violation of parole and
revoking order of probation gave the recorder's court juris-
diction to hold a valid hearing and impose a valid sentence.

2. SAME—WITNESSES—OPPORTUNITY FOR CROSS-EXAMINATION.

Transcription of testimony of witness whose testimony was
taken at an earlier hearing and as to whom an opportunity
to cross-examine had been afforded was properly introduced
where such witness admittedly was not available at the trial
(CL 1948, § 768.26).

Habeas corpus, with accompanying certiorari by
Frank Rudnik to obtain his release from Detroit
House of Correction. Submitted November 10, 1953.
(Calendar No. 45,908.) Writ dismissed December
29, 1953.

*Roman V. Ceglowski* (*Harold Helper,* of counsel),
for petitioner.

*Frank G. Millard,* Attorney General, *Edmund E.
Shepherd,* Solicitor General, *Gerald K. O'Brien,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 1216.
[2] 20 Am Jur, Evidence § 695.
[2] Use in criminal case of testimony given on former trial, or pre-
liminary examination, by witness not available at present trial.
15 ALR 495; 21 ALR 662; 79 ALR 1392; 122 ALR 425; 159
ALR 1240.

Prosecuting Attorney, and *Samuel Brezner,* Assistant Prosecuting Attorney, for people.

BOYLES, J. We allowed petitioner habeas corpus directed to the superintendent of the Detroit house of correction with ancillary certiorari to the recorder's court of Detroit, to inquire into the legality of his detention in said prison. The matter has been submitted on typewritten returns and printed briefs.

On February 10, 1944, petitioner Frank Rudnik pleaded guilty in recorder's court to a charge of breaking and entering a building in the nighttime, with intent to commit larceny therein. Sentence was deferred because Rudnik had been inducted into the United States army. On September 5, 1944, he was placed on 3 years' probation, which was suspended during his army service. He was discharged from the army December 8, 1944, and on March 2, 1945, he was brought into court for violation of probation. After a hearing, his probation was continued. On June 5, 1945, he was arrested for threatening a gasoline station attendant with a knife, and a warrant for rearrest for violation of probation was issued. On June 8, 1945, his probation was revoked, and he was sentenced to prison for not less than 3 nor more than 15 years. He was paroled on May 24, 1948, before his minimum sentence had expired. While at liberty on this parole he was found guilty of an attempt to break and enter a store in the nighttime, and sentenced to 2 to 5 years in State prison, to run concurrently with his previous sentence.

Rudnik was before this Court in 1952 on original proceedings in habeas corpus, with ancillary certiorari to the recorder's court of Detroit, to obtain his release from State prison, on the ground, *inter alia,* that the order entered in 1945 revoking probation, and the ensuing sentence, were void because he was not then informed of the charge he was then required

to meet. On April 7, 1952, this Court set aside said order and sentence, for the following reason:

"There is nothing in the file before us to show that Rudnik was informed of the charge that he was required to meet at the hearing. The 1945 proceedings were not a 'summary hearing' as required by the statute. CL 1929, § 17374 (Stat Ann § 28.1134). For present statute see CL 1948, § 771.4 (Stat Ann 1951 Cum Supp § 28.1134). The situation in the instant case is comparable to that in *Re Bobowski,* 313 Mich 521.

"The order revoking the probation is set aside, the sentence vacated, and petitioner is remanded to the custody of the recorder's court for the city of Detroit, where a proper hearing is ordered after information is given Rudnik of the charge that he may be required to meet." *In re Rudnik,* 333 Mich 216.

On May 19, 1952, pursuant to said finding and order, the recorder's court ordered Rudnik returned from State prison for further disposition. An information charging violation of probation was filed, an amended warrant for arrest for violation issued, Rudnik was arraigned and thereby informed of the charge he was to meet, a plea of not guilty entered, a hearing held, and testimony taken, June 18, 1952. Rudnik was found guilty of violating probation, sentenced to 3 to 15 years in State prison, with recommendation that he be given credit for previous time served. No appeal has been taken from that finding and sentence.

In the instant case, Rudnik now seeks release on habeas corpus claiming that the recorder's court did not have jurisdiction over him in 1952, because his original 3 years' probation, September 5, 1944, had expired in 1947.

When this Court on April 7, 1952, set aside the 1945 order of recorder's court, we ordered Rudnik remanded to recorder's court for a proper hearing.

after information given him of the charge he was required to meet. As hereinbefore stated, this has been done, our order complied with, and on June 18, 1952, Rudnik was resentenced to 3 to 15 years in State prison. The charge was that in June, 1945, during the time he was on probation under the order of September 5, 1944, he was arrested for the commission of another crime while at large. He was charged with violation of probation by committing a felonious assault, being armed, on one Ulysses Richardson, with intent to rob, on June 8, 1945, during the 3-year period of his original probation. He was convicted thereof, and sentenced to 3 to 15 years in State prison. Our remand to the recorder's court laid the foundation for the rehearing there, in 1952, on a proper information as to said charge. The court had jurisdiction, and Rudnik is not entitled to his release at this time, on habeas corpus.

A second ground claimed for release is that the recorder's court relied on a transcript of the testimony of one Ulysses Richardson, a witness whose testimony was taken to prove violation of probation in 1945. At the hearing in June, 1952, the court received testimony by the court reporter transcribed from the testimony given by Richardson in 1945, a witness who admittedly could not be produced in 1952. Rudnik claims the court erred in receiving the reporter's transcript, because he was not given an opportunity to cross-examine. There is no merit in the claim. Rudnik was represented by counsel at the hearing in 1945 when the testimony was taken and an opportunity to cross-examine was afforded. The people—defendant—claim the record of that hearing shows that Richardson was cross-examined. However, such proof is not necessary. Opportunity to cross-examine is all that is required.

"Testimony taken at an examination, preliminary hearing, or at a former trial of the case,   *   *   *

may be used by the prosecution whenever the witness giving such testimony can not, for any reason, be produced at the trial." CL 1948, § 768.26 (Stat Ann § 28.1049).

"In *People* v. *Myers,* 239 Mich 105, we held that the testimony before an examining magistrate might be read at the subsequent trial even though there had been no previous cross-examination of the witness, it being only necessary that an opportunity for cross-examination had been present." *People* v. *Hunley,* 313 Mich 688.

The petition is denied and the writ dismissed.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.