PEOPLE *v* VERLINDA WILLIAMS

CRIMINAL LAW—PROBATION—EXTENSION OF PROBATION—MISDEMEANORS.

A two-year sentence of probation for a misdemeanor cannot be extended by a sentence of two more years of probation by the court for violation of the terms of the first probation, because the result could lead to a situation whereby the order of probation might well become interminable; the court has to revoke the probation and require the defendant to serve the sentence imposed, or any lesser sentence, and if imposition of sentence was suspended, may impose any sentence which might originally have been imposed, or release the defendant (MCLA 771.2).

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal §§ 527, 562–658.

Appeal from Wayne, George T. Martin, J. Submitted Division 1 March 7, 1972, at Detroit. (Docket No. 11497.)  Decided March 24, 1972. Rehearing denied May 26, 1972.

Verlinda Williams was convicted in district court, on her plea of guilty, of probation violation. Defendant appealed to circuit court. Affirmed. Defendant appeals by leave granted. Reversed and remanded to the district court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Paulette LeBost,* for defendant on appeal.

Before: LEVIN, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J.  Originally the defendant pled guilty to the offense of failing to report a change of status while unlawfully receiving aid to dependent children benefits amounting to $1,364, contrary to MCLA 400.60; MSA 16.460. She was placed on probation on October 17, 1967, and ordered to make restitution together with $50 annual probation oversight costs to be paid with minimum payments of $5 per week.

On October 16, 1969, one day before the period was to expire, the Wayne County Probation Department filed a petition for issuance of a warrant for violation of the terms of her probation due to the fact that she had paid only $90 by way of restitution

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

and had been convicted of uttering and publishing on June 3, 1969, in the United States District Court. A hearing was held on November 5, 1969, at which time she pled guilty to the violations and was again placed on probation for another period of 24 months, the first five days thereof being confined to the Wayne County Jail, and was further subject to similar restitution provisions, whereby she was to continue the restitution and costs at the rate of $15 weekly.

The defendant on March 31, 1970, moved to terminate the probation order on the ground that it exceeded the two-year limitation on probation for misdemeanors contained in MCLA 771.2; MSA 28-.1132. This motion was denied by opinion entered on June 3, 1970, on the basis of the language of MCLA 771.4; MSA 28.1134, which provides in part:

"In case such probation order is terminated or revoked the court may proceed to sentence such probationer in the same manner and to the same penalty as it might have done if such probation order had never been made."

The municipal judge interpreted this statutory language in the following manner:

"In the present case it was not a termination of probation by reason of the expiration of the 24 months, but rather because of a violation of the terms of probation, that continued jurisdiction in the court and authorized it to sentence the defendant as though the original probation had never been entered. The court then had the authority that it had initially, to sentence to fine, jail, or both, or to impose probation. The limitation on the period of probation then appears to apply to any one period of probation."

An appeal was taken to the Wayne County Circuit Court which affirmed the order of the Highland Park Municipal Court previously entered. It is

from that order that the defendant appeals by leave granted to this Court.

The issue is whether or not the imposition of the second two-year term of probation violated the two-year statutory maximum.

Since this is a question of first impression in this state, we have looked to the interpretation given to the language of the Federal probation act, ch 645, 62 Stat 842, 843 (1948); 18 USCA 3651 *et seq.,* that act being similar to the Michigan act. See *People* v *Marks,* 340 Mich 495, 500 (1954). 18 USCA 3653 provides that upon a finding of an act which constitutes a violation of the probation:

"the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed."

The Court in *Fox* v *United States,* 354 F2d 752, 754 (CA10, 1965), when confronted with a factual situation similar to that herein, interpreted the intent of the above noted language as follows:

"A probation order, although it does not penalize a defendant by fine or imprisonment, restrains a defendant's conduct. The power to order such restraint comes from the legislative branch; and, as we read § 3653, the power of a Federal court after revocation of probation is limited to the imposition of sentence. The statute specifically refers to the imposition of sentence—not to the grant of probation."

We hold the intent of the language in MCLA 771.4, *supra,* to be the same; for to hold otherwise could lead to the situation whereby the order of probation might well become interminable.

Reversed and remanded to the Highland Park Municipal Court for the purpose of vacating the order of probation and imposition of sentence ac-

cording to requirements of the statute, or release of defendant. See *In re Rudnik,* 338 Mich 577 (1953).

All concurred.