PEOPLE v NEIL

Docket No. 77-4595. Submitted February 7, 1980, at Grand Rapids.—
Decided August 28, 1980.

Ernest R. Neil pled guilty to attempted welfare fraud involving
an amount of money over $500. Kent Circuit Court, George V.
Boucher, J., sentenced him to jail and ordered him to make
restitution or serve an additional term. Defendant paid the
amount of money ordered. He appeals, alleging that the portion
of his sentence requiring him to pay restitution as a necessary
condition to avoid additional jail time is unauthorized under
Michigan law. *Held:*

The court's sentence of restitution was imposed as an alter-
native to imprisonment but is not authorized by statute. In
Michigan, the sentencing court's authority to impose a particu-
lar sentence is derived from the relevant statutes, and absent
express statutory authority providing restitution as a part of
the sentence per se, it is a proper incident to probation only.

Original sentence of imprisonment affirmed, sentence impos-
ing restitution as an alternative to imprisonment vacated, and
cause remanded.

1. CRIMINAL LAW — WELFARE FRAUD — PROBATION — RESTITUTION —
STATUTES.

A straight sentence of restitution or a sentence of restitution as
an alternative to imprisonment is not authorized by the Social
Welfare Act or the sentencing statutes, although restitution
may be imposed as a condition of probation in welfare fraud
cases (MCL 400.1 *et seq.,* 750.92, 750.503; MSA 16.401 *et seq.,*
28.287, 28.771).

2. CRIMINAL LAW — RESTITUTION — PROBATION — STATUTES.

A sentence of restitution cannot be equated with the imposition

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 21 Am Jur 2d, Criminal Law § 565.3.

79 Am Jur 2d, Welfare Laws § 112.

Criminal Liability in connection with application for, or receipt of,
public relief or welfare payments. 92 ALR2d 421.

[2, 4] 73 Am Jur 2d, Statutes § 295.

of a fine under the sentencing statutes in that it is designed to compensate an injured victim, and, as a condition of probation, the amount and manner of payment is a matter for the judgment of the sentencing judge (MCL 750.92, 750.503; MSA 28.287, 28.771).

3. CRIMINAL LAW — PROBATION — RESTITUTION — SENTENCES.
   Restitution is a proper incident to probation only, absent express statutory authority providing restitution as part of the sentence per se.

4. COURTS — SENTENCING AUTHORITY — STATUTES.
   A sentencing court's authority to impose a particular sentence is derived from the relevant statutes.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*Buth, Wood & Weidaw* (by *George S. Buth* and *Stephen M. Tuuk),* for defendant on appeal.

Before: DANHOF, C.J., and R. B. BURNS and MAC-KENZIE, JJ.

PER CURIAM. Defendant, Ernest R. Neil, pled guilty to attempted welfare fraud involving an amount of money over $500, contrary to MCL 400.60(2), 750.92; MSA 16.460(2), 28.287. At the plea proceeding on May 5, 1977, defendant appeared *in propria persona* and stated that he neglected to inform the county department of social services of a worker's compensation settlement he received in the amount of $31,295.86. As a result, defendant received $2,360 in excess relief benefits. On July 11, 1977, the court sentenced defendant to three months in the county jail, with credit for nine days already served, and ordered defendant to make restitution in the amount of

$2,360 or to serve an additional six months in jail. The sum of money was paid by defendant.

Defendant brings this appeal as of right, alleging that the portion of his sentence requiring him to pay restitution as a necessary condition to avoid additional jail time is unauthorized under Michigan law.

By statute, welfare fraud involving an amount in excess of $500 is a felony. MCL 400.60(2); MSA 16.460(2). A person convicted under the preceding statute is subject to punishment by imprisonment in the state prison for not more than four years, or by a fine of not more than $2,000, or by both such fine and imprisonment. MCL 750.503; MSA 28.771. Defendant pled guilty to attempted welfare fraud, a misdemeanor "* * * punishable by imprisonment in the state prison or reformatory not more than 2 years or in any county jail not more than 1 year or by a fine not to exceed 1,000 dollars * * *". MCL 750.92; MSA 28.287.

Restitution has been upheld as a condition of probation in welfare fraud cases, *People v Verlinda Williams,* 39 Mich App 402; 198 NW2d 27 (1972); however, neither the Social Welfare Act, MCL 400.1 *et seq.;* MSA 16.401 *et seq.,* nor the sentencing statutes, *supra,* authorize a straight sentence of restitution or a sentence of restitution as an alternative to imprisonment.

Plaintiff argues that the imposition of restitution as an alternative sentence to incarceration is permissible within the scope of Michigan's conditional sentence statute, MCL 769.3; MSA 28.1075. The statute provides that:

"When any persons shall be convicted of an offense punishable at the discretion of the court, either by fine or imprisonment in the county jail or by a fine or imprisonment in the state prison, the court may award

against such offender a conditional sentence and order him to pay a fine, with or without the costs of prosecution, within a limited time to be expressed in the sentence, and, in default thereof, to suffer such imprisonment as is provided by law and awarded by the court. The court may also place such offender on probation with the condition that he pay a fine or costs or damages or any or all of them, as the case may be, in installments with any limited time and may, in case of the default in any of such payments, impose such sentence as is provided by law."

Plaintiff submits that the latter portion of defendant's sentence herein, although not expressly called "probation", was, in effect, a probationary sentence. We disagree. Had defendant failed to pay restitution under his sentence herein, he would not have been entitled to a probation violation hearing and incidental procedural safeguards before being incarcerated.

A sentence of restitution cannot be equated with the imposition of a fine under the sentencing statutes. Restitution is designed to compensate the injured victim, and, as a condition of probation, the amount and manner of payment is a matter for the judgment of the sentencing judge. *People v Gallagher,* 55 Mich App 613, 619-620; 223 NW2d 92 (1974). There the Court expresses the policy considerations favoring the imposition of restitution as a condition of probation as well as the factors pertinent to determining proper consequences when the ordered restitution is not paid. In the absence of express statutory authority providing restitution as a part of the sentence per se, we find that restitution is proper incident to probation only.

In Michigan, the sentencing court's authority to impose a particular sentence is derived from the relevant statutes:

"The measure of control exercised in connection with the prevention and detection of crime and prosecution and punishment of criminals is set forth in the statutes of the State pertaining thereto, particularly the penal code and the code of criminal procedure. The powers of the courts with reference to such matters are derived from the statutes." (Footnotes omitted.) *People v Piasecki,* 333 Mich 122, 143; 52 NW2d 626 (1952).

Finally, because this case arose on a direct appeal and the sentencing court had no authority to impose restitution, we hold that defendant's payment of restitution herein did not render his appeal moot. The portion of defendant's sentence imposing restitution as an alternative to six months imprisonment is vacated and the cause is remanded to the trial court so that defendant may recover the $2,360. The remainder of defendant's sentence—three months imprisonment in the county jail—is affirmed.

Remanded for proceedings in accordance with this opinion.