PEOPLE v HOSHOWSKI

Dócket No. 50791. Submitted March 9, 1981, at Detroit.—Decided
    April 28, 1981.

Michael W. Hoshowski was convicted of larceny in a building, St.
    Clair Circuit Court, Halford I. Streeter, J. He appeals, alleging
    that the allowance by the trial court of questions by the
    prosecutor relative to defendant's prearrest silence and the
    prosecutor's later comment on the silence during closing argu-
    ment constituted error requiring reversal. *Held:*

1. The trial court erred in permitting the prosecutor's ques-
    tions and comments relative to defendant's choice to remain
    silent, and reversal is required.

2. The record reveals that further error occurred · upon the
    prosecutor's cross-examination of defendant relative to a felony
    charge for which no conviction resulted and the prosecutor's
    subsequent reference to the conviction which was factually
    false.

Reversed.

1. CRIMINAL LAW — RIGHT TO REMAIN SILENT — CONSTITUTIONAL
    LAW.

    A defendant has a right to exercise his right to remain silent
    prior to or at the time of his arrest; such nonutterance is not a
    statement, and the fact that the defendant chose to remain
    silent may not be elicited by a prosecutor during trial or be
    commented upon during his closing argument except where the
    defendant asserts that he made a statement.

2. CRIMINAL LAW — PROSECUTING ATTORNEYS — IMPROPER CROSS-
    EXAMINATION — PROSECUTORIAL COMMENT.

    Cross-examination of a defendant by a prosecutor relative to a

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 638 *et seq.*
    Admissibility of inculpatory statements made in presence of ac-
        cused to which he refuses to answer on advice of counsel. 77
        ALR2d 463.
[2] 81 Am Jur 2d, Witnesses §§ 484, 497.
[3] 16A Am Jur 2d, Constitutional Law § 718.

felony charge which did not result in a conviction and comments by the prosecutor during closing argument which refer to the defendant's conviction which is not supported by the evidence constitutes error requiring reversal.

3. CONSTITUTIONAL LAW — FEDERAL STANDARDS — STATE STANDARDS.

A state may adopt a standard which affords its citizens greater protection than is required under the United States Constitution.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Janet Tooley,* Assistant State Appellate Defender, for defendant on appeal.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and D. C. RILEY, JJ.

PER CURIAM. Defendant was convicted on January 29, 1980, of larceny in a building, MCL 750.360; MSA 28.592, following a jury trial. On March 17, 1980, defendant was sentenced to five years probation, with six months to be served in the St. Clair County jail. Defendant also was ordered to pay court costs in the amount of $200 and to reimburse the county in an amount not to exceed $300 for the costs of his court-appointed attorney. Restitution in the amount of $77.50 was also ordered. Defendant appeals as of right.

Defendant first argues that the prosecutor committed error requiring reversal by eliciting testimony from an investigating officer regarding defendant's refusal to discuss the charged larceny until he had an opportunity to speak with an attorney and in commenting on defendant's silence in his closing argument. We agree.

During trial the prosecutor examined Sheriff's Deputy Joseph Danna as follows:

"*Q. [Prosecutor]:* After you learned of Mr. Hoshowski's involvement in this crime did you speak with him about it again?
"*A.* Yes, I did.
"*Q.* Was he willing to answer your questions?
"*A.* No, he did not want to talk to me until he got a lawyer."

In the prosecutor's closing argument, he remarked:

"How does Mark [Ernst] get involved with the police? Well, after Deputy Danna and Mr. Baresi and [defendant] have investigated the premises, [defendant] who initially according to the deputy was very cooperative, volunteering a lot of information, becomes more silent and secretive about the last evening's events and he says to the deputy, oh by the way, I was here. I was working on my car, and low and behold I was here with Mark Ernst."

In *People v Bobo,* 390 Mich 355, 359; 212 NW2d 190 (1973), the Michigan Supreme Court stated:

"We will not condone conduct which directly or indirectly restricts the exercise of the constitutional right to remain silent in the face of accusation. 'Nonutterances' are not statements. The fact that a witness did not make a statement may be shown only to contradict his assertion that he did."

Under *Bobo,* if a defendant *chooses* to exercise his right to remain silent, that silence cannot be used against him at trial. *People v Gerald Wells,* 102 Mich App 558; 302 NW2d 232 (1980). Although *Bobo* involved a defendant's right to remain silent at the time of arrest, this Court has extended the

rule to encompass a defendant's prearrest silence. *People v Hurd,* 102 Mich App 424; 301 NW2d 881 (1980), *People v Wade,* 93 Mich App 735; 287 NW2d 368 (1979).

In the instant case it is clear that Danna advised defendant of his *Miranda* [1] rights before attempting to question him further about his involvement in the charged larceny. Although defendant initially was willing to talk, he merely repeated what he had told the officer on the morning following the incident. He then asserted his *Miranda* rights and refused to answer any additional questions until he had an opportunity to meet with an attorney. The fact that defendant refused to answer any additional questions after Danna learned of defendant's involvement in the crime was brought out through the officer's testimony. This was error under *Bobo* since the jury may have drawn an inculpatory inference from defendant's refusal to submit to further interrogation. Although the error could be deemed harmless if Danna's comment about defendant's silence was unsolicited or was an unresponsive answer, no such claim can be made here. The prosecutor knew that defendant had exercised his right to remain silent from the officer's earlier testimony at the preliminary examination. Thus, the offensive answer cannot be considered an inadvertent remark. Moreover, in his closing argument, the prosecutor commented on defendant's silence by stating that defendant had been initially cooperative but became "more silent and secretive".[2] We

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

[2] It should be noted that the prosecutor misrepresented Danna's testimony somewhat in his closing argument when he indicated that defendant reluctantly told the officer that he had been working on his car with Mark Ernst on the evening of the robbery; the record reveals that this information was voluntarily offered by defendant. The only

find that the reference to defendant's post-*Miranda* silence cannot be deemed harmless error. *People v Hoye,* 80 Mich App 258; 263 NW2d 343 (1977), *People v Swan,* 56 Mich App 22; 223 NW2d 346 (1974), *lv den* 395 Mich 810 (1975). See also *People v Sain,* 407 Mich 412; 285 NW2d 772 (1979).[3]

We also find that the prosecutor committed error by questioning defendant regarding a felony charge which had not resulted in a conviction and by erroneously stating in closing argument that defendant had been convicted of a felony but pled guilty to a misdemeanor. Moreover, the error was compounded when the prosecutor stated in closing argument that according to a certified copy of defendant's convictions he had been convicted of a felony but had pled guilty to a misdemeanor. This reference was not supported by evidence produced at trial and was a gratuitous reference, devastating to the defendant and factually false. The defense attorney made no objection to this reference and failed either to request that it be stricken with appropriate instructions to the jury or to

testimony regarding defendant's reluctance to cooperate with the investigation was Danna's comment concerning defendant's refusal to submit to further interrogation.

[3] We note that the United States Supreme Court in *Jenkins v Anderson,* 447 US 231; 100 S Ct 2124; 65 L Ed 2d 86 (1980), recently has held that, in general, a defendant who elects to testify in his own behalf waives any Fifth or Fourteenth Amendment objection to the use of his prearrest silence for the purposes of impeachment. However, the Court expressly recognized that each state is free to form its own evidentiary rules regarding the use of such evidence. *Id.,* 239. Michigan has already done so. The rule formulated in *Bobo, supra,* apparently was based on our Supreme Court's interpretation of both the Michigan and Federal Constitutions. *Id.,* 357, fn 1. A state may adopt a standard which affords its citizens greater protection than is required under the Federal Constitution. *Oregon v Hass,* 420 US 714, 719; 95 S Ct 1215; 43 L Ed 2d 570 (1975), *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). Moreover, since the defendant's silence resulted from the exercise of his *Miranda* rights, it appears that the prosecutor's comments regarding defendant's silence would be error even under *Jenkins, supra,* 238-240.

move for a mistrial. Our review of the entire record in this case brings us dangerously close to questioning the effectiveness of defense counsel, but, since we have already found error requiring reversal, we choose not to predicate reversal on that issue.

Reversed.