PEOPLE v JONES

Docket No. 96103. Submitted July 29, 1987, at Grand Rapids. Decided
    April 19, 1988. Leave to appeal applied for.

    Edward Bradley Jones was convicted of breaking and entering
    following a bench trial in Muskegon Circuit Court, Ronald H.
    Pannucci, J. Defendant then pled guilty to being a fourth-
    felony habitual offender and was sentenced to fifteen to sixty
    years in prison and ordered to pay restitution. Defendant
    appealed.

        The Court of Appeals *held:*

        1. Error occurred when the prosecution elicited testimony
    from the investigating officer that defendant had invoked his
    right to remain silent. However, the error was harmless in
    light of the fact that defendant was tried before a judge, not a
    jury. A judge, unlike a juror, possesses an understanding of the
    law which allows him to ignore such errors and to decide a case
    based solely on the evidence properly admitted at trial.

        2. The trial court did not abuse its discretion in denying
    defendant's request for substitute court-appointed counsel. The
    request was not timely made and was not supported by a
    showing of good cause.

        3. A sentencing court may order restitution as part of a
    defendant's sentence. In this case, a resentencing is required
    since the order of restitution included reimbursement for the
    victims' traveling expenses, for which statutory authority is
    lacking, and the record is unclear as to whether the victims
    had been compensated by insurance for their loss and should
    therefore not be entitled to restitution.

        Affirmed but remanded for resentencing.

1. CRIMINAL LAW — RIGHT TO REMAIN SILENT — EVIDENCE.

    If a defendant chooses to exercise his right to remain silent, his
    silence cannot be used against him at trial.

REFERENCES

Am Jur 2d, Criminal Law §§ 976 *et seq.*, 791 *et seq.*, 1051 *et seq.*

Statutes providing for governmental compensation for victims of
    crime. 20 ALR4th 63.

Indigent accused's right to choose particular counsel appointed to
    assist him. 66 ALR3d 996.

2. Criminal Law — Appointed Counsel — Substitution of Counsel — Discretion — Appeal.

A criminal defendant, while not entitled to an appointed attorney of his own choosing, is entitled to have his assigned counsel replaced upon a showing of good cause, providing that substitution of counsel does not unreasonably disrupt the judicial process; the decision regarding substitution is addressed to the discretion of the trial court and will not be overturned on appeal absent a showing of an abuse of discretion.

3. Criminal Law — Sentencing — Restitution.

A sentencing court may order a defendant to pay restitution in addition to any other penalty authorized or required by law; however, restitution may not be ordered with respect to a loss for which the victim or his estate has received or will receive compensation (MCL 769.1a, 780.766; MSA 28.1073, 28.1287[766]).

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *Harold F. Closz, III*, Prosecuting Attorney, and *Linda S. Kaare*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Chari Grove*), for defendant on appeal.

Before: Cynar, P.J., and Weaver and J. H. Hausner,* JJ.

Per Curiam. Following a bench trial, defendant was convicted of breaking and entering, MCL 750.110; MSA 28.305. He then pled guilty to being a fourth-felony offender, MCL 769.12; MSA 28.1084. Defendant was sentenced to fifteen to sixty years' imprisonment and ordered to pay restitution of $4,257.25. Defendant appeals as of right. We affirm defendant's conviction, but remand for resentencing.

Defendant's conviction arose out of events which occurred during the early morning hours of Janu-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

ary 19, 1986. At that time defendant was a resident of the Muskegon Corrections Center and received weekend passes.

Officer Mark Baker, a Muskegon police officer, testified that at approximately 5:00 A.M. on January 19, 1986, while on patrol, he observed a person, not defendant, removing items from a white Cadillac which was backed up against the garage door of the residence located at 713 Marcoux Street in Muskegon. Upon closer investigation it was determined by Baker that the interior of the car was filled with numerous household items, jewelry and two automobile tires. The car containing these items was registered to defendant, who was contacted at home by central dispatch and then transported to the vehicle's location.

Upon arrival at 713 Marcoux, defendant was questioned by Officer Baker. He denied ownership of any of the property found in the Cadillac. Defendant speculated that perhaps the property belonged to an ex-girlfriend who had a set of keys to his car. Defendant also told the police that he had abandoned his car about ten o'clock the prior evening because it had a flat tire. Defendant then assisted the police in removing the items from his car. Subsequently, the police learned that the confiscated items were stolen from a private residence located in Muskegon. Two latent fingerprints found at the scene of the breaking and entering were identified as defendant's.

On appeal, defendant first argues that the prosecution committed error warranting reversal when it deliberately elicited testimony from a police officer that defendant had asserted his right to remain silent. If a defendant chooses to exercise his right to silence, that silence cannot be used against him at trial. *People v Bobo,* 390 Mich 355, 359; 212 NW2d 190 (1973); *People v Gerald Wells,*

102 Mich App 558, 564; 302 NW2d 232 (1980), lv den 417 Mich 916 (1983). This rule is designed to prevent a jury from drawing an inculpatory inference from a defendant's refusal to submit to interrogation. *People v Hoshowski,* 108 Mich App 321, 324; 310 NW2d 228 (1981).

In the instant case, the prosecution did elicit testimony from the investigating officer that defendant had invoked his right to silence. This was error. However, while we do not condone the prosecution's behavior, we conclude that the error was harmless. Defendant was tried before a judge, not a jury. A judge, unlike a juror, possesses an understanding of the law which allows him to ignore such errors and to decide a case based solely on the evidence properly admitted at trial. From our review of the record, we conclude that the trial judge did just that. Defendant's conviction was supported by substantial evidence.

Defendant next argues that the trial judge abused his discretion when he dismissed defendant's claim of dissatisfaction with his appointed counsel without making further inquiries into the dispute. An indigent defendant is constitutionally guaranteed the right to counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. *People v Ginther,* 390 Mich 436, 441; 212 NW2d 922 (1973). Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel as to a fundamental trial tactic. *People v Charles O Williams,* 386 Mich 565; 194 NW2d 337 (1972). A judge's failure to explore a defendant's claim that his assigned lawyer should

be replaced does not necessarily require that a conviction following such error be set aside. *Ginther, supra,* p 442. A conviction will be set aside only upon a showing that the judge abused his discretion in denying the request for substitution. *People v Meyers (On Remand),* 124 Mich App 148, 165; 335 NW2d 189 (1983).

From our review of the record, we conclude that defendant's request for substitute counsel was not timely made and was not supported by a showing of good cause. The only real dispute evident from the record was over counsel's failure to more vigorously cross-examine the fingerprint expert. This dispute was not over a fundamental tactic. Therefore, we conclude that the trial judge did not abuse his discretion in failing to explore defendant's claim of dissatisfaction with his counsel or in denying defendant's request for substitution.

Defendant also argues that he should be resentenced because the sentencing court lacked authority to impose both imprisonment and restitution. In the alternative, defendant argues that the sentencing court improperly determined the amount to be paid in restitution. We disagree with defendant's argument that the sentencing court lacked authority to order restitution, but agree that defendant must be resentenced because the sentencing court improperly calculated the amount of restitution to be paid.

Absent express statutory authority providing restitution as part of a sentence per se, restitution is proper incident only to probation. *People v Neil,* 99 Mich App 677, 680; 299 NW2d 23 (1980). We conclude that the sentencing court's order of restitution was expressly authorized by statute. The Crime Victim's Rights Act, MCL 780.751 *et seq.;* MSA 28.1287(751) *et seq.,* provides that a sentencing court may order a defendant to pay restitution

in addition to any other penalty authorized or required by law. MCL 780.766(2); MSA 28.1287(766)(2). In addition, MCL 769.1a; MSA 28.1073 provides that a sentencing court may order restitution in addition to any other penalty authorized by law.

Having concluded that the sentencing court did not exceed its statutory authority by imposing both imprisonment and restitution, we now address the question whether it correctly determined the amount of restitution to be paid. Restitution is designed to compensate the injured victim or his estate. Where a crime results in a loss or destruction of property, the court may order the defendant to pay the amount equal to the value of the property on the date of loss or destruction or the value of the property on the date of sentencing, whichever is greater. MCL 780.766(4)(b)(i) and (ii); MSA 28.1287(766)(4)(b)(i) and (ii), MCL 769.1a(2)(b)(i) and (ii); MSA 28.1073(2)(b)(i) and (ii). However, the sentencing court may not order restitution with respect to a loss for which the victim or his estate has received or will receive compensation. This includes compensation by insurance. MCL 780.766(10); MSA 28.1287(766)(10), MCL 769.1a(8); MSA 28.1073(8).

In the instant case, the sentencing court ordered defendant to pay $450 in restitution to reimburse the victim for traveling expenses. We do not read either MCL 780.766; MSA 28.1287(766) or MCL 769.1a; MSA 28.1073 as authorizing the sentencing court to order defendant to pay such expenses. Accordingly, we conclude that the sentencing court erred in so ordering. The remedy for a partially invalid sentence is a remand for resentencing. *People v Benda,* 162 Mich App 255; 412 NW2d 705 (1987).

Additionally, we note that we are unable to

determine from the record what items were covered by the restitution order, whether the victims were compensated for those items by insurance, and, consequently, whether restitution was precluded. On remand, the sentencing court shall determine whether restitution is precluded because the victims have been compensated for their loss by their insurance company.

In light of the foregoing, we affirm defendant's conviction but remand for resentencing.