*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID HOWARD MCDONALD,

        Defendant-Appellant.

UNPUBLISHED
November 9, 2021

No. 352839
St. Clair Circuit Court
LC No. 2019-001754-FH

Before: GLEICHER, P.J., and K. F. KELLY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial conviction of third-offense domestic violence, MCL 750.81(5). He was sentenced, as a habitual offender, fourth offense, MCL 769.12, to 2 to 15 years' imprisonment for his domestic violence conviction. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of two incidents of domestic violence between defendant and the victim in a one-week period in the spring of 2019. At the time of the incidents, the victim and defendant were involved in an "on and off" relationship and living together. At trial, the victim testified the first incident occurred when she got into a verbal argument with defendant. However, the argument turned into a physical altercation. The victim was on her stomach when the defendant straddled the victim's back and bit the victim on the back of her left shoulder. A few days later, a second incident occurred when an argument began after the victim dropped her coffee cup, which broke. The victim was yelling as she cleaned up the mess and woke defendant. The two renewed an argument from the night before. While the argument was ongoing, the victim was on the phone with her friend, Amy Kilbourn. At some point during the argument, defendant threw his coffee in the victim's face. The victim apprised Kilbourn of what transpired, and Kilbourn asked her girlfriend to call the police. The victim hung up the phone, but defendant left the home. Shortly thereafter the police arrived, and the victim made statements to the police. The victim testified that she was not injured by being doused with the hot coffee.

-1-

Port Huron Police Officer James Campbell took the victim's oral and written statements regarding both incidents. In her written statement, the victim reiterated the argument began after she dropped her coffee and that she went to the porch to use her cell phone. However, the victim also wrote defendant "shoved [her] in [her] mouth with his hand" and, before throwing the coffee, "stated he was going to dump coffee on [her][.]" At trial, Officer Campbell recounted the victim's oral statement, corroborating that the argument began when she woke defendant after spilling her coffee. The victim also told Officer Campbell that, during the coffee incident, defendant "took a closed fist" and "push[ed] up against her jaw."

At trial, Kilbourn recounted what she heard over the phone during the second incident between the couple. Additionally, defendant's ex-wife and ex-girlfriend each testified regarding their own experiences of domestic violence with defendant. At trial, defendant objected to the admission of the victim's prior oral and written statements to police, arguing they were cumulative to the victim's in-court testimony, and only admissible for impeachment purposes.

Defendant testified the victim instigated the first incident, stating he awoke to the victim hitting him while he slept. Defendant pulled the victim toward him with a "bear hug" and bit her on the back of her shoulder to get her to stop hitting him. After defendant bit the victim, she began to scream, and defendant got dressed and left the apartment. Defendant returned the next day and continued living with the victim. Defendant testified the second incident began when the victim repeatedly insisted he received a text message, which renewed an earlier argument between the couple. Defendant sat in a chair with his coffee during the exchange. While defendant was seated, the victim ran toward him and began to hit him. To stop the victim's attack, defendant stood up quickly, at which point his coffee flew out of his hands, splashing the victim and surrounding area. Defendant pushed the victim onto the bed and left the apartment.

The trial court found defendant guilty, concluding the evidence, as a whole, supported a finding of domestic violence. The trial court reasoned the testimony of Kilbourn, in addition to the victim's testimony, written and oral statements to the police, the accounts from defendant's ex-wife and ex-girlfriend, and the incredibility of defendant's factual account, amounted to an "abundance of evidence to support that beyond a reasonable doubt that a domestic assault occurred with the coffee incident[.]"

## II. APPLICABLE LAW

Defendant contends that the trial court erred in admitting the victim's oral and written statements regarding the two incidents, under MCL 768.27c, because the statements were cumulative contrary to MRE 403 and improperly bolstered the credibility of the victim. We disagree.

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019); MRE 103(a)(1). Defendant timely objected to the admission of the victim's written statement and the police officer's testimony regarding her oral statement as cumulative, but failed to object on the ground that the statements served to unfairly bolster the victim's credibility. Therefore, only the issue involving the statements being needlessly cumulative is preserved.

We also note that within the discussion section of his brief, defendant concisely claimed that MCL 768.27c was intended to support admission when victims stop participating in the process and further that the victim's statements to police were limited to impeachment evidence. Although these claims were not properly raised for review in the statement of question presented, *People v Unger*, 278 Mich App 210, 262; 749 NW2d 272 (2008), defendant specifically alleged that MCL 768.27c was intended for prosecution of domestic abuse cases of uncooperative complainants, not cooperative ones such as the victim. This argument lacks merit because this Court concluded that there is "no requirement [in MCL 768.27c] that the complainant-declarant be unavailable in order to admit evidence of a statement that otherwise satisfies the statutory requirements." See *People v Olney*, 327 Mich App 319, 326-327; 933 NW2d 744 (2019). In the present case, defendant does not dispute that the statutory requirements of MCL 768.27c were satisfied. Defendant further alleged the victim's prior oral and written statements to police were only proper to impeach the victim's in-court testimony to the extent the statements were inconsistent under MRE 801(d)(1)(A). This argument fails to consider that MCL 768.27c specifically permits the admission of a victim's prior statements regarding domestic violence, even if they would otherwise be considered hearsay. To restrict MCL 768.27c under MRE 801(d)(1)(A) would circumvent the statute's purpose. See *People v Meissner*, 294 Mich App 438, 445; 812 NW2d 37 (2011) (stating MCL 768.27c allows hearsay statements to be admitted into evidence so long as the requirements of MCL 786.27c(1) are met).

A trial court's decision to admit evidence is reviewed for an abuse of discretion. *Thorpe*, 504 Mich at 251. "A trial court may be said to have abused its discretion only when its decision falls outside the principled range of outcomes." *People v Blackston*, 481 Mich 451, 460; 751 NW2d 408 (2008). Issues of statutory interpretation are reviewed de novo. *Meissner*, 294 Mich App at 444. This Court also reviews de novo the "preliminary question of law, which is whether a rule of evidence precludes admissibility . . . ." *People v McDaniel*, 469 Mich 409, 412; 670 NW2d 659 (2003). "Preserved nonconstitutional errors are subject to harmless-error review under MCL 769.26[.]" *Thorpe*, 504 Mich at 252. The plain error standard applicable to unpreserved errors at trial has four elements:

> 1) [an] error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) . . . . the plain error affected substantial rights . . . [, and 4) ] once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence. [*People v Randolph*, 502 Mich 1, 10; 917 NW2d 249 (2018) (citation omitted, alteration in original).]

In general, hearsay is not admissible at trial, unless an exception applies. MRE 802. However, "[i]n MCL 768.27c, the Legislature determined that under certain circumstances, statements made to law enforcement officers are admissible in domestic violence cases." *Olney*, 327 Mich App at 326 (quotation marks and citation omitted). Under MCL 768.27c, out-of-court statements by declarants are admissible if:

> (a)    The statement purports to narrate, describe, or explain the infliction or threat of physical injury upon the declarant.

(b)     The action in which the evidence is offered under this section is an offense involving domestic violence.

(c)     The statement was made at or near the time of the infliction or threat of physical injury.  Evidence of a statement made more than 5 years before the filing of the current action or proceeding is inadmissible under this section.

(d)     The statement was made under circumstances that would indicate the statement's trustworthiness.

(e)     The statement was made to a law enforcement officer.

## III. ANALYSIS

Defendant alleges that MRE 403 applies to evidentiary admissions under MCL 768.27c, and the oral and written statements made by the victim should have been excluded as cumulative evidence.  Even if MRE 403 may limit the admission of evidence under MCL 768.27c, see e.g., *People v Watkins*, 491 Mich 450, 482-483; 818 NW2d 296 (2012); *People v Propp*, 330 Mich App 151, 175-177; 946 NW2d 786 (2019), the trial court did not abuse its discretion by admitting the oral and written statements by the victim given to the police.

The more probative than prejudicial balancing test under MRE 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  [MRE 403.]

Evidence is not "unfairly prejudicial" just because it is damaging. Rather, the term

> refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock.  Moreover, admission of evidence is unfairly prejudicial when . . . the danger exists that marginally probative evidence will be given undue or preemptive weight by the jury.  [*People v Cameron*, 291 Mich App 599, 611; 806 NW2d 371 (2011) (quotation marks, citations, and brackets omitted).]

When analyzing whether MRE 403 precludes the admission of evidence, a trial court must balance various factors to determine whether the potential for unfair prejudice substantially outweighs the probative value, including:

> the time required to present the evidence and the possibility of delay, whether the evidence is needlessly cumulative, how directly the evidence tends to prove the fact for which it is offered, how essential the fact sought to be proved is to the case, the potential for confusing or misleading the jury, and whether the fact can be proved in another manner without as many harmful collateral effects.  [*Blackston*, 481 Mich at 462.]

-4-

Furthermore, defendant waived his right to a jury trial and was convicted following a bench trial. "In a bench trial, the trial court is presumed to know the applicable law." *People v Lanzo Constr Co*, 272 Mich App 470, 484; 726 NW2d 746 (2006). In this respect, "[u]nlike a jury, a judge is presumed to possess an understanding of the law, which allows him to understand the difference between admissible and inadmissible evidence or statements of counsel." *People v Wofford*, 196 Mich App 275, 282; 492 NW2d 747 (1992). Accordingly, a judge's understanding and knowledge of the law "allows him to ignore [evidentiary] errors and to decide a case based solely on the evidence properly admitted at trial." *People v Jones*, 168 Mich App 191, 194; 423 NW2d 614 (1988). When the trial court's decision was premised on properly admitted evidence and not affected by disputed testimony, a defendant cannot show plain error affecting his substantial rights. See *People v Taylor*, 245 Mich App 293, 304-305; 628 NW2d 55 (2001).

In the present case, MRE 403 did not warrant the exclusion of the prosecution's MCL 768.27c evidence because the probative value of the victim's written statement and Officer Campbell's testimony regarding the victim's oral statement was not substantially outweighed by any prejudicial effect. Moreover, this evidence was not merely cumulative, but served to supplement testimony that the victim either could not recall at trial or declined to volunteer in an effort to protect defendant.[1]

While there were some pieces of information that differ between the victim's oral and written statements to police and her in-court testimony, the contested out-of-court statements served to create a clear timeline of the incidents. It is commonly understood that over time, memories fade. See *United States v De Sisto*, 329 F2d 929 (CA 2, 1964). While the victim was able to testify, her testimony took place more than six months after the incidents occurred.

The factor addressing "whether the evidence is needlessly cumulative" also weighs in favor of admission. *Blackston*, 481 Mich at 462. There was information in the victim's oral and written statements that she was unable to recall at trial. The victim's statements provided a gap-filling function to the victim's in-person testimony, presenting a clearer picture of what happened than the trial court would have been able to glean without them, and was therefore not needlessly cumulative. Moreover, the victim expressed that she did not want to call the police, did not initiate any phone call to the police, and loved defendant. Thus, the trial court noted that the details in the statements corroborated events that were relayed by Officer Campbell, Kilbourn, or depicted in the photographs.

Even if the oral and written statements were deemed somewhat cumulative, MRE 403 requires defendant prove it is needlessly so. *Blackston*, 481 Mich at 462. However, "the admission of a hearsay statement that is cumulative to in-court testimony by the declarant can be harmless error, particularly when corroborated by other evidence." *People v Gursky*, 486 Mich 596, 620;

---

[1] Indeed, at the probable cause conference, the victim did not initially testify that any physical contact with defendant occurred during the second incident, but limited her testimony to being doused with, but not injured by, hot coffee. Thus, on redirect examination, the prosecutor asked the victim to read her written statement to refresh her recollection. After reviewing the statement, the victim remembered telling the police about defendant shoving his hand to her face, but did not remember the actual contact.

786 NW2d 579 (2010). Because the victim's oral and written statements to police provided additional information and filled in gaps in the victim's memory lapses, the victim's written and oral statements were not needlessly cumulative particularly when they served to corroborate the testimony of other witnesses.

Additionally, defendant failed to demonstrate that prejudice arising from the victim's prior statements to police exceeded the standard prejudice faced by criminal defendants to warrant exclusion under MRE 403. "Evidence offered against a criminal defendant is, by its very nature, prejudicial to some extent." *Meissner*, 294 Mich App at 451. Defendant also has not introduced evidence, or set forth an argument, of why the evidence in question is substantially more prejudicial to him. The significant probative value of the statements, combined with defendant's inability to show anything beyond ordinary prejudice, satisfies MRE 403. Therefore, the statements were properly admitted.

Even if the evidence was improperly admitted under MRE 403, such error was harmless. "[A] preserved, nonconstitutional error is presumed not to be a ground for reversal unless it affirmatively appears that, more probably than not, it was outcome determinative[.]" *People v Denson*, 500 Mich 385, 396; 902 NW2d 306 (2017) (quotation marks and citation omitted). While the victim's testimony may have been lacking in several respects compared to her earlier statements, the other, uncontested evidence, combined with the victim's testimony was sufficient for the trial court to find defendant guilty. Because she was on the phone with the victim, Kilbourn overheard parts of the argument between the victim and defendant and contemporaneously heard the act of domestic violence. Additionally, the trial court concluded that defendant's description of the events was "preposterous." Specifically, the trial court found that the location of the spilled coffee in the room was not consistent with defendant's account of the incident. Further, the court rejected defendant's contention that he bit the victim to free himself from her grasp because it was inconsistent with the couple's physical statures, and it was physically impossible for defendant to have bitten the victim on the back of the shoulder. The testimonies of defendant's former partners showed the trial court defendant had a pattern or history of abusive behavior toward his domestic partners that warranted conviction of the third-offense domestic violence enhancement. Finally, the incredibility of defendant's own explanation of the events enabled the trial court to find further validity in the victim's explanation of the events. This evidence, on its own, would have permitted the trial court to reach the same verdict. Defendant has failed to prove it was more probable than not any assumed error in admitting the victim's prior statements was outcome-determinative. *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999). Therefore, even if the trial court abused its discretion in admitting the prosecution's MCL 768.27c evidence, the admission was harmless error.

Defendant's argument the evidence improperly bolstered the victim's credibility was not properly preserved for appeal. Therefore, the argument is reviewed for plain error. *Randolph*, 502 Mich at 10. Defendant's argument does not survive the first prong of the plain error rule, because there was no error in admitting the victim's statements under MCL 768.27c. "[E]vidence may be admitted to assist in the evaluation of the credibility of a witness." *People v Mills*, 450 Mich 61, 72; 537 NW2d 909 (1995). The victim's prior consistent statements, permitted under MCL 768.27c, helped the court determine "the probative value of other evidence *offered to affect the probability of the existence of a consequential fact*[.]" *Mills*, 450 Mich at 72 (emphasis in original). Therefore, the victim's prior statements to police were properly admitted as support for the

credibility of her testimony, as permitted by law, and did not serve to improperly bolster her credibility.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Amy Ronayne Krause