PEOPLE v WARDLAW

Docket No. 121710. Submitted January 23, 1991, at Detroit. Decided May 7, 1991, at 9:00 A.M.

Vernard Wardlaw, Jr., was convicted of felonious assault following a bench trial in the Detroit Recorder's Court, John Patrick O'Brien, J. The defendant appealed, claiming that there was insufficient evidence for conviction and that the trial court failed to make specific findings of fact and conclusions of law as required by MCR 2.517.

The Court of Appeals *held:*

1. Sufficient evidence was presented to support the defendant's conviction. The evidence, when viewed in a light most favorable to the prosecution, indicated that a rational trier of fact would have found beyond a reasonable doubt that the defendant assaulted the victim with a dangerous weapon and placed the victim in reasonable fear or apprehension of an immediate battery.

2. A trial court satisfies the requirements of MCR 2.517 where, as in this case, it is manifest from the court's findings of fact that it was aware of the factual issues and correctly applied the law.

Affirmed.

1. CRIMINAL LAW — FELONIOUS ASSAULT.

The elements of the crime of felonious assault are an assault, with a dangerous weapon, and with intent to injure or place a victim in reasonable fear or apprehension of an immediate battery (MCL 750.82; MSA 28.277).

2. TRIAL — BENCH TRIALS — FINDINGS OF FACT — CONCLUSIONS OF LAW.

The court rule regarding the specificity of findings of fact and conclusions of law in a bench trial is satisfied where it is manifest from the findings of fact that the court was aware of the factual issues and correctly applied the law (MCR 2.517).

REFERENCES

Am Jur 2d, Assault and Battery §§ 4, 13, 32, 53; Trial §§ 1979-1981.

See the Index to Annotations under Assault and Battery; Findings of Fact; Trial by Court.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for the defendant on appeal.

Before: GRIFFIN, P.J., and REILLY and T. M. BURNS,* JJ.

PER CURIAM. Defendant was convicted following a bench trial of felonious assault, MCL 750.82; MSA 28.277, and sentenced to five years' probation. Defendant appeals as of right. We affirm.

Defendant contends that there was insufficient evidence presented to the court to support his conviction. We disagree.

The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable fear or apprehension of an immediate battery. *People v Crook,* 162 Mich App 106; 412 NW2d 661 (1987).

When reviewing a challenge to the sufficiency of the evidence in a bench trial, the reviewing court must view the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Jackson,* 178 Mich App 62, 64; 443 NW2d 423 (1989).

We conclude that the record in this case supports defendant's conviction. The prosecution's witnesses testified that defendant drove his truck onto

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

the lawn of his ex-wife's home and aimed for the victim. Defendant used the vehicle as a dangerous weapon to injure the victim, who was unable to get out of the way of the oncoming truck. From defendant's actions, it could reasonably have been inferred that defendant intended to place the victim in fear or apprehension of an immediate battery. We find sufficient evidence to sustain defendant's conviction.

Defendant further argues that the trial court did not make specific findings of fact or set forth conclusions of law as required by MCR 2.517.[1]

The relevant parts of MCR 2.517 read as follows:

(A) Requirements.

(1) In actions tried on the facts without a jury or with an advisory jury, the court shall find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment.

(2) Brief, definite, and pertinent findings and conclusions on the contested matters are sufficient, without over elaboration [sic] of detail or particularization of facts.

(3) The court may state the findings and conclusions on the record or include them in a written opinion.

In *People v Vaughn,* 186 Mich App 376, 384; 465 NW2d 365 (1990), a panel of this Court resolved the conflict with respect to the degree of specificity required under MCR 2.517. The conflict arose because *People v Davis,* 126 Mich App 66; 337 NW2d 315 (1983), held that specific findings of fact on each element of the crime were necessary to satisfy the court rule. In contrast, *People v Rushlow,*

[1] In this matter defendant was convicted on September 29, 1988, before adoption of MCR 6.403, effective October 1, 1989. That rule, which relates to findings of fact in criminal waiver trials, therefore is not considered here.

179 Mich App 172, 177-179; 445 NW2d 222 (1989), aff'd on other grounds 437 Mich 149; 468 NW2d 487 (1991), ruled that as long as it appeared from the court's findings of fact that the trial court was aware of the factual issues and correctly applied the law, the court rule was satisfied. We agree with the result reached in *Vaughn* that *Rushlow* is the better view.[2]

We conclude that the trial court's findings that defendant committed an unprovoked assault on the victim with his truck indicates that the court was aware of the issues, correctly applied the law, and sufficiently articulated its findings to satisfy MCR 2.517.

Affirmed.

[2] See also *People v Armstrong,* 175 Mich App 181, 183-186; 437 NW2d 343 (1989).