PEOPLE v BUTLER

Docket No. 117318. Submitted January 15, 1992, at Detroit. Decided
February 4, 1992, at 9:05 A.M. Leave to appeal denied, 440
Mich –.

Michael R. Butler was convicted following a bench trial in the
Recorder's Court for the City of Detroit, Harvey F. Tennen, J.,
of second-degree murder and possession of a firearm during the
commission of a felony. He was sentenced to twenty to forty
years in prison for the murder conviction and to a consecutive
two-year term for the felony-firearm conviction. He appealed.

The Court of Appeals *held:*

1. The trial court did not violate the rule established in
*Bruton v United States,* 391 US 123 (1968), which prohibits the
introduction of a nontestifying codefendant's confession in a
joint jury trial where the confession inculpates the defendant,
when it allowed the prosecutor to introduce the confession of
the defendant's codefendant. The rule does not extend to bench
trials.

2. No prejudice resulted from the failure of the defendant's
attorney to move for severance before the joint trial.

3. The trial court properly did not consider the doctrine of
imperfect self-defense because the defendant did not present a
theory for imperfect self-defense and the evidence does not
support such a theory.

4. The trial court properly applied the law of self-defense.

5. The defendant's confession was admitted properly. The fact
that the defendant may have retained counsel with regard to a
separate charge of carrying a concealed weapon did not pre-
clude the police from thereafter interrogating the defendant,

REFERENCES

Am Jur 2d, Evidence §§ 556, 557, 539, 340; Searches and Seizures
§§ 2-4.

Supreme Court's application of rule of Bruton v United States
(1968) 391 US 123, 20 L Ed 2d 476, 88 S Ct 1620, holding that
accused's rights under confrontation clause of Federal Constitu-
tion's Sixth Amendment are violated where codefendant's state-
ment inculpating accused is admitted at joint trial. 95 L Ed 2d
892.

The progeny of Miranda v. Arizona in the Supreme Court. 46 L Ed
2d 903.

after reading him his *Miranda* rights, regarding the murder charge. The defendant's Sixth Amendment right to counsel had not attached with respect to the murder charge at that time.

6. The defendant was not promised leniency by an agent of the police before making his confession.

7. Plea negotiations were not taking place when the defendant made his confession. Therefore, the admission of the defendant's confession did not violate the rule of evidence that prohibits the introduction of statements made by a defendant in connection with plea negotiations.

8. The defendant lacked standing to assert vicariously an alleged violation of another person's Fourth Amendment rights. Affirmed.

1. CRIMINAL LAW — EVIDENCE — NONTESTIFYING CODEFENDANTS — CONFESSIONS — JOINT JURY TRIALS — BENCH TRIALS.

The rule that prohibits the introduction of a nontestifying codefendant's confession in a joint jury trial where the confession inculpates the defendant does not extend to bench trials.

2. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT TO COUNSEL.

The fact that a defendant has invoked Sixth Amendment rights with regard to one charge does not preclude the police from interrogating the defendant regarding charges to which the Sixth Amendment rights have not yet attached (US Const, Am VI).

3. CRIMINAL LAW — CONSTITUTIONAL LAW — SEARCHES AND SEIZURES.

Fourth Amendment rights are personal in nature and cannot be asserted vicariously (US Const, Am IV).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg*), and Michael R. Butler, in propria persona, for the defendant on appeal.

Before: HOOD, P.J., and SAWYER and FITZGERALD, JJ.

PER CURIAM. Following a bench trial, defendant was convicted of second-degree murder, MCL 750.317; MSA 28.549, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to serve a term of twenty to forty years in prison for the murder conviction and to a consecutive two-year term for the felony-firearm conviction. Defendant appeals and we affirm.

This appeal arises out of a May 5, 1988, shooting in Detroit which left Samuel Hicks dead. On May 12, 1988, defendant and several other people were arrested in connection with the murder. Defendant gave police a false name and was released from custody. On May 14, 1988, a felony complaint was filed naming defendant and several others as suspects. On July 8, 1988, the homicide department was notified that defendant was arrested, and in custody at another precinct, for carrying a concealed weapon, MCL 750.227; MSA 28.424. Detectives took custody of the defendant and returned with him to the homicide department, where they obtained a confession.

Defendant waived his right to a jury trial and was tried with a codefendant, Darrell Hicks, in a bench trial. Both defendant's confession and Hicks' confession were introduced at the trial. Hicks is not a party to this appeal.

Defendant's first argument is that the trial court violated the rule established by the United States Supreme Court in *Bruton v United States,* 391 US 123; 88 S Ct 1620; 20 L Ed 2d 476 (1968), when it allowed the prosecutor to introduce the confession

of Darrell Hicks.[1] We disagree in light of the fact that we refuse to extend the *Bruton* rule to bench trials.

We have never addressed the issue whether the *Bruton* rule extends to bench trials. However, panels of this Court have concluded that error that warrants reversal in a jury trial may not necessarily warrant reversal in a bench trial. See *People v Rushlow,* 179 Mich App 172, 175; 445 NW2d 222 (1989); *People v Jones,* 168 Mich App 191, 194; 423 NW2d 614 (1988); *People v Martin,* 150 Mich App 630; 389 NW2d 713 (1986). In addition, several federal courts have refused to extend the *Bruton* rule to bench trials.[2] We agree with those federal courts that have declined to extend *Bruton* to bench trials because a judge, unlike a jury, is able to consider the confession for the limited purpose of establishing the guilt of the confessor.

Defendant alleges that counsel committed a serious mistake by failing to move for severance before trial. In *People v Tommolino,* 187 Mich App 14, 17; 466 NW2d 315 (1991), we set out the modern test to determine whether a serious mistake of counsel occurred. A defendant must show that counsel's performance was deficient and that, under an objective standard of reasonableness, counsel made an error so serious that he was not

---

[1] The *Bruton* rule prohibits the introduction of a nontestifying codefendant's confession in a joint jury trial where the confession inculpates the defendant. The rationale is that the jury would be unable to confine the use of the confession to its determination of guilt in relation to the confessor, and the defendant would have no right to cross-examine the nontestifying codefendant. *Bruton, supra* at 131, 136. The Court found that a limiting instruction could not cure the prejudice that results from such devastating accusations. *Id.*

[2] See, e.g., *Rogers v McMackin,* 884 F2d 252 (CA 6, 1989); *United States ex rel Faulisi v Pinkney,* 611 F2d 176 (CA 7, 1979); *United States v Castro,* 413 F2d 891, 894-895 (CA 1, 1969); *Cockrell v Oberhauser,* 413 F2d 256 (CA 9, 1969). These courts relied on the fact that nothing in *Bruton* suggests that a judge would suffer from the same shortcomings as a jury in regard to the application of the law.

functioning as an attorney as guaranteed by the Sixth Amendment. *Id.* This deficiency is considered in light of a presumption that the action complained of was sound trial strategy. If defendant does not show that prejudice resulted from the action complained of, his claim must fail. *Id.*

Codefendants do not have an absolute right to separate trials. *People v Greenberg,* 176 Mich App 296, 303; 439 NW2d 336 (1989). In fact, there is a strong presumption in favor of joint trials. *Id.* In the instant case, defendant has failed to show that prejudice resulted from his attorney's failure to move for severance or that the trial court would have granted his motion.

Defendant next argues that the trial court should have considered the doctrine of imperfect self-defense and convicted defendant of voluntary manslaughter. We disagree.

Imperfect self-defense is a qualified defense that can mitigate second-degree murder to voluntary manslaughter. *People v Amos,* 163 Mich App 50, 56; 414 NW2d 147 (1987). The doctrine applies only where the defendant would have been entitled to self-defense had he not been the initial aggressor. *Id.* at 57. In the instant case, the trial court found that self-defense was inapplicable, not because defendant was the initial aggressor, but, rather, because defendant made a deliberate decision to kill Hicks without being in a position where it was immediately necessary. In this case, defendant did not present a theory for imperfect self-defense, nor do we believe the evidence would support such a theory.

Defendant alleges that the trial court failed to apply properly the law of self-defense because it determined that his contention that Hicks had a gun was without merit. It appears that the trial court believed defendant's story, but was not of the

opinion that it fit within the parameters of self-defense. The trial court also heard the testimony of an eyewitness when making its determination. The trial court properly applied the law of self-defense in this case.

Defendant raises several challenges to the admissibility of his confession. Defendant first argues that the statement taken by police at the homicide department was in violation of his Sixth Amendment right to counsel. This argument is without merit.

Defendant argues that the fact that he retained an attorney with regard to the charge of carrying a concealed weapon indicates that he had invoked his right to counsel, thus precluding any interrogation with regard to the murder charge. Even if we were to conclude that defendant had retained counsel in relation to the charge of carrying a concealed weapon, it would not affect the admissibility of defendant's statements in connection with the murder.

Our Supreme Court has recently held that the fact that a defendant has invoked his Sixth Amendment rights with regard to one charge, does not preclude police from interrogating the defendant with regard to charges to which the Sixth Amendment has not yet attached. *People v Crusoe,* 433 Mich 666; 449 NW2d 641 (1989). Defendant was read his *Miranda*[3] rights before interrogation by the police regarding the murder charge. Defendant has not established that his Sixth Amendment right to counsel had attached with regard to the murder charge.[4] Without such a showing, defendant's Sixth Amendment claim must fail.

---

[3] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[4] The Sixth Amendment right to counsel attaches when adversarial judicial proceedings are commenced against a defendant. *People v Bladel (After Remand),* 421 Mich 39, 52; 365 NW2d 56 (1984), aff'd sub

When defendant was arrested for carrying a concealed weapon, he was accompanied by a man named Edward Hanserd. Hanserd apparently made a statement to defendant before defendant was interrogated indicating that if defendant cooperated, the officer would try to "get him out from under the first-degree murder charge." Defendant claims that the statement made by Hanserd amounted to a promise of leniency because Hanserd was an agent of the police.[5] We disagree.

In *People v Conte,* 421 Mich 704; 365 NW2d 648 (1984), our Supreme Court held that a confession will be considered the product of a promise of leniency if the defendant is likely to have reasonably understood the statements as a promise of leniency and if the defendant relied upon the promise in making his confession. *Id.* at 750. Defendant has failed to show that Hanserd was an agent of the police. Therefore, it would be unreasonable for defendant to understand Hanserd's statement as a promise of leniency or to rely on it in making his confession.

Defendant also argues that his confession was introduced in violation of MRE 410, which prohibits the introduction of statements made by a defendant in connection with plea negotiations. However, because defendant has not shown any government action on the part of Hanserd, any claim that plea negotiations were taking place must also fail.

---

nom *Michigan v Jackson,* 475 US 625 (1986). Defendant argues that the signing of an arrest warrant is the point at which the Sixth Amendment right to counsel attaches. Defendant cites no authority for this proposition, nor are we prepared to say that the right attaches this early in the criminal process.

[5] The test to determine whether a person is acting on behalf of the police is described in *Maine v Moulton,* 474 US 159; 106 S Ct 477; 88 L Ed 2d 481 (1985). Defendant has not persuaded us that Hanserd was a police agent.

When defendant was arrested on May 12, 1988, he was living at the home of Pamela Robinson with Robinson and their children. Robinson was arrested in connection with the murder and subsequently gave officers consent to search her home. The officers discovered a shotgun similar to that used in the murder. Defendant argues that the consent was involuntary because it was given in violation of Robinson's Fourth Amendment rights. Fourth Amendment rights are personal in nature and cannot be asserted vicariously. *People v Armendarez*, 188 Mich App 61, 71; 468 NW2d 893 (1991). Accordingly, defendant lacks standing to assert a violation of Robinson's rights.

Affirmed.