PEOPLE v SMITH

Docket No. 149523. Submitted August 11, 1994, at Lansing. Decided
    May 26, 1995, at 9:30 A.M.

Kerry J. Smith was convicted following a bench trial in the
    Jackson Circuit Court, Alexander C. Perlos, J., of second-degree
    criminal sexual conduct and was sentenced to three years'
    probation, with seven days to be served in jail. The defendant
    appealed.

The Court of Appeals *held:*

1. The record does not support the defendant's assertions that
she did not waive the right to a jury trial on the record or sign
a written waiver.

2. The prosecution erred in presenting evidence that indi-
cated that the defendant had taken and apparently failed a
polygraph examination. The evidence was unfairly prejudicial
to the defendant's case because it provided supposedly scientific
evidence of the defendant's lack of credibility. Reversal of the
defendant's conviction is required.

3. The trial court's findings were sufficient under MCR
2.517(A).

4. The trial court properly admitted testimony regarding
what could be considered to be prior inappropriate sexual
behavior by the defendant toward the complainant.

Reversed and remanded.

J.M. BATZER, J., dissenting, stated that although the evidence
of the polygraph examination improperly was injected by the
prosecutor, reversal is not required because this was a bench
trial and the trial court stated that it was not influenced by the
evidence. A trial court may be expected to ignore inadmissible
evidence without being tainted in its decision making.

CRIMINAL LAW — POLYGRAPH EXAMINATIONS — EVIDENCE.

A prosecutor's injection of evidence indicating that a defendant
    was given a polygraph test and the result thereof requires the

REFERENCES

Am Jur 2d, Evidence § 1007.
See ALR Index under Lie Detectors.

reversal of the defendant's conviction where the evidence was
unfairly prejudicial to the defendant's case.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dennis Hurst,* Prosecuting Attorney, and *Christine Clancy,* Chief Appellate Attorney, for the people.

*Don Ferris,* for the defendant on appeal.

Before: FITZGERALD, P.J., and BRENNAN and J. M. BATZER,* JJ.

BRENNAN, J. Following a bench trial, defendant was convicted of second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a), and was sentenced to three years' probation, with seven days to be served in jail. She appeals as of right. We reverse.

Defendant's assertions that she never waived the right to a jury trial on the record or signed a written waiver are not supported by the record. A review of the circuit court docket sheet indicates that defendant waived the right to a jury trial on the record in open court. Additionally, the circuit court file contains a written waiver form signed by defendant. No error is indicated. MCR 6.402(B).

Defendant's conviction must be reversed because of the injection of polygraph test results into evidence. The mention of a polygraph examination was made by the prosecutor, who indicated that a detective's report regarding the interview of defendant was titled polygraph examination. The prosecutor also admitted that he filed a copy of the polygraph examination report in the circuit court's record. Although the prosecutor did not state that defendant failed the polygraph examination, defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant's failure was apparent from the officer's testimony that he told defendant (during the polygraph examination) that he thought she was lying. Defendant's failure of the polygraph examination was also apparent from the fact that the test was administered before she had been charged with second-degree criminal sexual conduct. Although the circuit court later found that it had not been influenced by this information, it did question the officer regarding the number of polygraph tests he had performed in the past—a question apparently designed to measure the officer's expertise with the polygraph. This case presented a credibility contest. Under these circumstances, the prosecutor's injection of the polygraph testing and results was unfairly prejudicial to defendant's case because it provided supposedly scientific evidence of defendant's lack of credibility. Reversal of defendant's conviction is therefore required. *People v Ray*, 431 Mich 260; 430 NW2d 626 (1988); *People v Kosters*, 175 Mich App 748; 438 NW2d 651 (1989).

Although the circuit court's findings were brief, they established that it was aware of the relevant issues in the case and correctly applied the law on all but the polygraph issue. Hence, the findings were sufficient under MCR 2.517(A). *People v Wardlaw*, 190 Mich App 318; 475 NW2d 387 (1991).

Finally, the circuit court did not err in allowing testimony that defendant had taken a bath with the five-year-old complainant and her younger sister. This could be considered prior inappropriate sexual behavior by defendant toward the complainant and was admissible. *People v DerMartzex*, 390 Mich 410; 213 NW2d 97 (1973).

Reversed and remanded for a new trial. We do not retain jurisdiction.

FITZGERALD, P.J., concurred.

J. M. BATZER, J. *(dissenting)*. Respectfully, I dissent from the majority's reversal of defendant's bench-tried conviction. I think it highly improper that a copy of the polygraph examination report was placed in the circuit court file by the prosecutor. I also think that the prosecutor improperly injected evidence of the polygraph examination in other ways and may well be subject to sanctions. Nonetheless, I would affirm. The trial court stated that it was uninfluenced by the polygraph examination. Trial courts can be expected to be aware of the rule of *People v Becker,* 300 Mich 562; 2 NW2d 503 (1942), *People v Davis,* 343 Mich 348; 72 NW2d 269 (1955), and *People v Barbara,* 400 Mich 352; 255 NW2d 171 (1977), which held that results of a polygraph examination are not admissible at trial. Trial courts can also be expected to be aware that "[t]he basic rationale for the *Barbara* Court's conclusion was that the polygraph technique had not received the degree of acceptance or standardization among scientists which would allow admissibility." *People v Ray,* 431 Mich 260, 265; 430 NW2d 626 (1988).

If the point in *Barbara* is that polygraph examination results are inadmissible because they are too unreliable, then it escapes me why a trial judge who becomes privy to them either inadvertently or through the improper conduct of a litigant would wish to rely on them. No thinking judge wants to rest his or her decision as a trier of fact upon unreliable evidence. The trial judge should be expected to ignore such evidence—as the trial judge in this case stated he did and as trial judges as triers of fact do every day with respect to other inadmissible evidence without being tainted in their decision making. And what of the sentenc-

ing judge who in response to a challenge strikes an uncounseled conviction from a presentence report? The judge has been exposed to unreliable information concerning the defendant, but surely that judge is not precluded from sentencing the defendant. See, e.g., *United States v Cesaitis,* 506 F Supp 518 (ED Mich, 1981). As a panel of this Court stated in *People v Jones,* 168 Mich App 191, 194; 423 NW2d 614 (1988):

> A judge, unlike a juror, possesses an understanding of the law which allows him to ignore such errors and to decide a case based solely on the evidence properly admitted at trial.

See, also, *People v Butler,* 193 Mich App 63; 483 NW2d 430 (1992), wherein a panel of this Court held that the *Bruton*[1] rule was not applicable to a bench trial.

It is true that *Barbara* requires that in a bench trial a case be reassigned to another judge if the judge granting the motion for a new trial has heard polygraph examination results.[2] This rule, I

---

[1] *Bruton v United States,* 391 US 123; 88 S Ct 1620; 20 L Ed 2d 476 (1968).

[2] I would urge our Supreme Court to reconsider this aspect of *Barbara.* Indeed, while I am briefly in the business of urging reconsideration, I would urge that our Supreme Court revisit all of *Barbara* in an appropriate case. The *Barbara* decision rests heavily on the test for scientific evidence set forth in *Davis, supra,* and *Frye v United States,* 54 US App DC 46; 293 F 1013 (1923). The decision of the United States Supreme Court in *Daubert v Merrell Dow Pharmaceuticals, Inc,* 509 US —; 113 S Ct 2786; 125 L Ed 2d 469 (1993), in which *Frye* is abandoned as a touchstone suggests to me that the time is ripe for a reconsideration of polygraph evidence. If the goal of trials is to find the truth and to do justice, then it may well be that under proper conditions and when proper requisites are met, polygraph examinations conducted by skilled and trained examiners may be scientifically reliable enough to help our system of justice in some cases achieve more accurate and just results in the first instance in our courts of law, beyond the mere granting of new trials in some instances, when with the help of the polygraph it appears as if the initial trial effort went awry. See, e.g., *People v Mechura,* 205 Mich App 481; 517 NW2d 797 (1994).

take it, is a prophylactic measure and, in my view, is not applicable where a trial judge as finder of fact has heard polygraph results through inadvertence or even through the improper presentation of a litigant, but has not relied on them. Even this prophylactic rule of *Barbara* is unrealistic in my view for reasons discussed below and its continuing vitality is at least subject to question. See, e.g., *Liteky v United States,* 510 US —; 114 S Ct 1147; 127 L Ed 2d 474 (1994); *People v Cobbs,* 443 Mich 276, 283; 505 NW2d 208 (1993).

Finally, the idea that a trial judge in a properly conducted bench trial in which there has been not a wisp of a hint of a mention of a polygraph would be unaware that a defendant failed a polygraph when the examiner testifies as to defendant's inculpatory statements amounts to something of a fairy tale. Trial judges know from experience who the police polygraph examiners are and why they are testifying. Moreover, in criminal sexual conduct trials, judges are aware of MCL 776.21(5); MSA 28.1274(2)(5) and that competent defense counsel advise defendants of their statutory right to a polygraph examination and that, though nonprosecution is not a rule etched in granite, relatively few criminal prosecutions proceed where the defendant has passed the statutory polygraph examination. Should this awareness disqualify experienced trial judges from conducting bench trials in criminal sexual conduct cases? I think not.

I would affirm.