# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARK DOMINIQUE GIVENS,

        Defendant-Appellant.

UNPUBLISHED
November 13, 2014

No. 316763
Wayne Circuit Court
LC No. 13-001911-FH

Before: WHITBECK, P.J., and FITZGERALD and MURRAY, JJ.

PER CURIAM.

The court convicted defendant of malicious destruction of police or fire department property, MCL 750.377b, and assaulting, resisting or obstructing a police officer, MCL 750.81d(1).[1] The court sentenced defendant as an habitual offender, MCL 769.10, to concurrent jail terms of six months for each of the convictions. Defendant appeals as of right. We affirm.

Police officers responded to defendant's home to investigate a report of domestic violence. The officers arrested defendant and subsequently placed him in the police car. Once inside the car, defendant began kicking the windows and door inside the police car, causing damage to the metal protective sheeting of the vehicle. In finding defendant guilty of malicious destruction of police property, the trial court stated:

> [Officer] Tervino described the actions [defendant] took as mule kicking at the windows that resulted in the bending of the wire screening that surrounded the window. As a result the car was out of service for a period of time – an unknown period of time as well as the amount of damage to the car is unknown at this point. [Defendant] described it as bopping, but indicated that it was the same position; with both feet as [Officer] Tervino had indicated.
>
> There's no question that the first element; the property belonged to someone else. It belonged to the City of Ecorse. The – [Officer] Tervino did testify that he attempted to pull the wire screening and was unable to do so. So I

---

[1] The court found defendant not guilty of domestic violence, MCL 750.81(2).

-1-

believe that the second element, has been met in terms of the – there was damage done. The third element is that Defendant did this knowing it was wrong and had the intent to damage or destroy the property.

I think there's no question that the Defendant knew that it was not something he should be doing. He indicated he was angry and was lashing out although he said he didn't kick it with as much force as [Officer] Tervino suggested. The fact that even after being [tasered] he continued to do it would indicate an intent to cause damage. So I find that he is guilty on Count I, the malicious destruction of fire or police property.

Defendant contends that the trial court's findings of fact were clearly erroneous and that his conviction of malicious destruction of police property conviction is against the great weight of the evidence. We disagree.

"In actions tried on the facts without a jury . . . the court shall find the facts specially, stated separately its conclusions of law and direct entry of the appropriate judgment." *People v Wardlaw*, 190 Mich App 318, 320; 475 NW2d 387 (1991), quoting MCR 2.517(A)(1). With respect to a bench trial, appellate review of the findings of fact is for clear error. *People v Gistover*, 189 Mich App 44, 46; 472 NW2d 27 (1991). A finding is clearly erroneous if, after a review of the entire record, this Court is left with a definite and firm conviction that a mistake has been made. *Id*. Deference should be given to the trial court's assessment of the weight of the evidence and the credibility of the witnesses. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008), citing *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992).

The essential elements of malicious destruction of police property are that the defendant did (1) willfully and maliciously destroy or injure, (2) personal property belonging to the police department. *People v Fox*, 232 Mich App 541, 553; 591 NW2d 384 (1998). "Willfully and maliciously" requires a specific intent to injure or damage property. *People v Culp*, 108 Mich App 452, 458; 310 NW2d 421 (1981). "[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from the evidence presented." *Kanaan*, 278 Mich App at 622.

Both Officer Tervino and defendant testified that defendant repeatedly kicked the back windows of the police car with both feet. Officer Tervino testified that the metal protective sheeting of the vehicle was damaged. Defendant admitted that he was tasered twice by Officer Copeland while he was inside the police car. Although defendant provided self-serving testimony that he "bopped" the windows and had no intent to cause damage, this Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses. *Kanaan*, 278 Mich App at 619, citing *Wolfe*, 440 Mich at 514-515. Given the evidence presented, and the fact finder's role of assessing the credibility of witnesses, the trial court's finding that defendant had the intent to destroy police property when he repeatedly kicked the windows of the police car was not clearly erroneous. The verdict is not against the great weight of the evidence as the evidence does not preponderate so heavily against the verdict

that it would be a miscarriage of justice to allow it to stand.  *People v Gadomski*, 232 Mich App 24, 28; 592 NW2d 75 (1998).

Affirmed.

/s/ William C. Whitbeck
/s/ E. Thomas Fitzgerald
/s/ Christopher M. Murray