# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* RICCARDO COVIN.

---

PEOPLE OF THE STATE OF MICHIGAN,

Petitioner-Appellee,

v

RICCARDO COVIN,

Respondent-Appellant.

UNPUBLISHED
June 20, 2017

No. 331637
Wayne Circuit Court
Family Division
LC No. 14-515820-DL

---

Before: MARKEY, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

The trial court adjudicated the juvenile respondent guilty of two counts of assault with intent to commit criminal sexual conduct involving penetration, MCL 750.520g(1), and placed him outside his home in a non-secured facility. Respondent now appeals by right. We affirm.

Respondent's adjudication arises from allegations that he sexually assaulted two twin boys at his family home in 2013. Respondent's mother and the victims' mother were friends. In the summer of 2013, respondent's mother agreed to babysit the eight-year-old twins. At the time, respondent was 11 years old. Respondent and the twins spent a lot of time together, watching television, playing video games, and wrestling. The twins, aged 10 at the time of trial, both testified that respondent would sometimes use his body to restrict their movement and attempt to insert his penis into their mouths. In the fall of 2013, the twins expressed to their mother that they no longer wanted to go to respondent's house, but did not relate that they were being sexually assaulted. The twins claimed that respondent threatened to beat them if they disclosed the sexual assaults. The twins continued to go to respondent's house until January 2014, when they ultimately disclosed the sexual incidents to a neighbor, who was respondent's classmate. Respondent denied any wrongdoing. The defense asserted that the twins' testimony was inconsistent and not credible.

# I. TRIAL COURT'S FINDINGS OF FACT

Respondent first argues that the trial court improperly relied on inadmissible evidence to find that the twins' accounts were credible. We disagree. Respondent acknowledges that this issue is unpreserved. We therefore review this claim for plain error affecting respondent's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

In support of his argument, respondent relies on the following emphasized excerpt from the trial court's findings of fact:

> The one thing about this case that would be hard for me would be the fact that two eight years olds, at the time that this alleged assault occurred, would come together and create a story that's false and *continue to advocate that story over a two year time frame through numerous interviews* and they did that all because of why or what? It's hard for me to believe that. It's hard for me to believe that these two young eight year olds, who are now ten, have come in here to lie on [respondent] and say that [respondent] did this and they're just getting together to lie on [respondent]. Why? [Emphasis added.]

Findings are sufficient if it appears that the trial court was aware of the issues in the case and correctly applied the law. *People v Smith*, 211 Mich App 233, 235; 535 NW2d 248 (1995). A trial court's factual findings in a bench trial are reviewed for clear error, which occurs "if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (citation omitted). In determining its findings of fact, the trier of fact may make reasonable inferences from evidence in the record, but may not make inferences completely unsupported by any direct or circumstantial evidence. *People v Vaughn*, 186 Mich App 376, 379-380; 465 NW2d 365 (1990).

Initially, contrary to what respondent suggests, there is nothing from which to conclude that the trial court improperly admitted any out-of-court statements the twins made. However, there was evidence from which a trier of fact could reasonably infer that during an approximate two-year period, the twins repeated their allegations against respondent in response to questioning by others. The evidence indicated that the twins first disclosed the sexual assaults in February 2014. The trial began in December 2015. Thus, there was a period of approximately two years between the twins' first disclosure and trial. One twin testified that his neighbor was the first person that he and his brother told and was the only person they told without being asked about it. The twins' mother testified that after learning about the assaults from a neighbor, she spoke to the twins. After speaking to the twins, she transported them to the police station. As a result of meeting with the police, a case was initiated against respondent. In response to a question asked by defense counsel, one twin testified that he also spoke to "Kids Talk" about the sexual assaults. As both parties acknowledge, Kids Talk is a community based program that conducts forensic interviews of child victims. Also, as the trial court noted, both twins testified at trial and repeated the same allegations.

From this evidence, a trier of fact could reasonably infer that over a two-year period, the twins disclosed consistent allegations against respondent to their mother, the police, Kids Talk, and at trial. Indeed, respondent was charged and tried and did not argue at trial or on appeal that the twins ever gave different accounts of what occurred. As noted earlier, the trial court was allowed to make reasonable inferences from the evidence. *Vaughn*, 186 Mich App at 379-380. Furthermore, in a bench trial, the trial court is presumed to know the applicable law and "the difference between admissible and inadmissible evidence." *People v Wofford*, 196 Mich App 275, 282; 492 NW2d 747 (1992). For this reason, and because the trial court's findings of fact give no indication that the court relied on any inadmissible evidence and only drew reasonable inferences from admissible evidence, respondent's claim fails.

## II. EFFECTIVE ASSISTANCE OF COUNSEL

Respondent also argues that he is entitled to a new trial because defense counsel was ineffective. Because respondent did not raise an ineffective assistance of counsel claim in the trial court, our review of this issue is limited to mistakes apparent on the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013) (citation omitted). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id*.

## A. FAILURE TO CALL WITNESSES

Respondent argues that defense counsel should have called his three adult siblings because they lived in the house during the period when the sexual assaults allegedly occurred. "Decisions regarding whether to call or question witnesses are presumed to be matters of trial strategy." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012) (citation omitted). Defense counsel's failure to a call a witness is only considered ineffective assistance if it deprived the defendant of a substantial defense. *Id.* "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (citation omitted). Respondent attempts to establish the factual predicate for his claim with affidavits from each of his siblings. But it is "impermissible to expand the record on appeal." *People v Powell*, 235 Mich App 557, 561 n 4; 599 NW2d 499 (1999). Moreover, even if the affidavits are considered, respondent's ineffective assistance claim fails.

The significance of the siblings' proposed testimony is that they never saw or heard anything unusual between respondent and the twins. Still, all of the proposed witnesses conceded that they were not constantly at the home and supervising the boys such that the charged sexual assaults could not have occurred. According to their affidavits, one witness would have only testified that she was "usually" in the common area of the house, and another witness would have testified that he was "often" at the home. The third witness, who worked outside the home, would have testified only that he was "frequently" at the family home. In addition, none of the witnesses averred that they supervised the boys when they were at home. Conversely, defense counsel called respondent's mother as a witness, and she testified that she babysat for the twins and never observed anything unusual between the twins and respondent.

This testimony served the same purpose that would have been served by the siblings' proposed testimony, and it was not unreasonable for defense counsel to believe that the testimony of respondent's mother would be considered more significant because she was the person who was actually responsible for supervising the twin boys. Thus, it was not objectively unreasonable for defense counsel to call respondent's mother as a witness in lieu of the siblings. Moreover, apart from the fact that the siblings were not always present or responsible for supervising the twins, respondent's testimony indicated that even his mother was not constantly supervising the activities between him and the twin boys. Respondent stated that his mother sometimes came downstairs to tell him and the twins to quiet down, which supports that the boys were sometimes left alone in the family room. The siblings' proposed testimony would not have significantly altered this portrayal of the circumstances in the home. Consequently, respondent has also failed to establish a reasonable probability that the proposed testimony would have affected the outcome of trial.

## B. FAILURE TO OBJECT

Respondent also argues that defense counsel was ineffective for failing to object to "hearsay" testimony of the twin's mother that the twins told her that respondent had punched them hard, locked them in a garage, was rough with them, and that they did not want to go to respondent's house. Initially, we note that the citation to the record provided by respondent is for testimony elicited by his own counsel during cross-examination. Regardless, it is apparent that defense counsel made a strategic decision not to object to the mother's testimony regarding these matters during direct examination and to revisit them during cross-examination.

A primary defense theory was that respondent was being falsely accused as retaliation for his mother's no longer babysitting the twins. To support the theory that it was respondent's mother, and not the twin's mother, who ended the babysitting arrangement, defense counsel apparently sought to establish that despite reports of how harsh respondent was treating the twins, their mother continued to send them to respondent's home for many months. For example, at one point, defense counsel asked the twin's mother, "So your boys started to complain about going to [respondent's] house in October of 2013 and I believe your testimony said you didn't have a conversation with [respondent's mother] until January of 2014 regarding this?" and "So three months later? Your boys been complaining this entire time about [respondent] being rough?" In closing argument, defense counsel stated, "Nothing of any incident was brought to the attention of the parents, during this [babysitting] period, that anything was going on between [the twins] and [respondent]."

Decisions about defense strategy, including what arguments to make, are matters of trial strategy, *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999), and "this Court will not second-guess defense counsel's judgment on matters of trial strategy." *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011). "The fact that defense counsel's strategy may not have worked does not constitute ineffective assistance of counsel." *People v Stewart (On Remand)*, 219 Mich App 38, 42; 555 NW2d 715 (1996). The record indicates that defense counsel attempted to use the twins' reports of respondent's harsh treatment to undermine the credibility of the twins' mother. Moreover, the reports did not involve any allegations of sexual abuse, so they were not likely to prejudice respondent in that regard. For these reasons, respondent has not overcome the presumption that defense counsel exercised reasonable trial

strategy by not objecting to the testimony of the twin's mother and using that testimony to support a defense theory.

We affirm.

/s/ Jane E. Markey
/s/ Patrick M. Meter
/s/ Douglas B. Shapiro